```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRITYCE MINYARD,                  :     CIVIL ACTION
                                  :     NO. 11-246
         Plaintiff,               :
                                  :
     v.                           :
                                  :
CITY OF PHILADELPHIA, et al.,     :
                                  :
         Defendants.              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                July 31, 2012

**I.   INTRODUCTION**

Plaintiff Brityce Minyard ("Plaintiff") brings this civil rights action against the City of Philadelphia, Corrections Officer Denmark ("Defendant Denmark"), Commissioner Giorla, and Warden Gainey (collectively, "Defendants"). Plaintiff, an inmate of the Curran-Fromhold Correctional Facility, alleges that he was unlawfully injured during an altercation with Defendant Denmark.  Plaintiff has withdrawn his claims against all Defendants except Defendant Denmark, against whom he pleads two counts:  (1) Count One — violation of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; and (2) Count Two — assault and battery arising under Pennsylvania law.  Currently before the Court is Defendants'

Motion for Summary Judgment on all of Plaintiff's remaining claims against Defendant Denmark.

For the reasons set forth below, the Court will deny Defendants' summary judgment motion on all of Plaintiff's claims against Defendant Denmark.[1]

## II.   BACKGROUND[2]

On September 24, 2008, Plaintiff and Defendant Denmark were involved in an altercation at the Curran-Fromhold Correctional Facility, a unit of the Philadelphia Prison System. Pl.'s Br. in Opp'n to Defs.' Mot. for Summ. J. 1, ECF No. 32 [hereinafter Pl.'s Br.].  At the time of the incident in

---

[1]   Though Plaintiff's complaint does not specifically plead a cognizable constitutional claim pursuant to § 1983, as he seeks relief under the Fourth and Fourteenth Amendments, see infra Part IV, the Court may nonetheless proceed in evaluating whether Plaintiff's claim "withstands summary judgment under the applicable Eighth Amendment standard."  See Anton v. Guarini, No. 09-2899, 2010 WL 5258219, at *6 (E.D. Pa. Dec. 22, 2010) (holding that pre-trial detainee's § 1983 claim was not barred at summary judgment stage when plaintiff had brought suit for excessive force under inapplicable constitutional Amendment and defendants had failed to seek dismissal on such grounds).

[2]   In accordance with the applicable standard of review, see infra Part III, the facts set forth in this section are viewed in the light most favorable to Plaintiff, and the Court makes all reasonable inferences therefrom in Plaintiff's favor. However, to the extent that the facts put forth by Plaintiff are inconsistent with those conceded in his guilty plea, see infra Part IV.A, the Court will defer to the facts previously established in Plaintiff's December 7, 2009, colloquy before the Court of Common Pleas of Philadelphia for purposes of considering the motion.

question, Plaintiff was an inmate at the Curran-Fromhold Correctional Facility where Defendant Denmark was employed as a corrections officer.  Id. at 1.  Plaintiff and Defendants have put forth vastly different accounts of the incident; however, on December 7, 2009, Plaintiff pleaded guilty to simple assault against Defendant Denmark.  Transcript from Dec. 7, 2009, Commonwealth v. Minyard 8:18-19, Defs.' Br. in Supp. of Defs.' Mot. for Summ. J. Ex. C, ECF No. 29 [hereinafter Defs.' Opening Br.].

Plaintiff alleges that on September 24, 2008, he returned after his work in the facility kitchen to his housing area where Defendant Denmark was on duty.  Minyard Dep. 12:17-24, Aug. 24, 2011, Pl.'s Br. Ex. A; Denmark Dep. 22:3, Sept. 26, 2011, Pl.'s Br. Ex. E.  Plaintiff's cell was locked at this time and when Plaintiff requested that Defendant Denmark open his cell to allow Plaintiff to enter, Defendant Denmark approached Plaintiff and told him he would not open the "[f]ucking door," putting his finger in Plaintiff's face.[3]  Minyard Dep. 14:7-9. Plaintiff and Defendant Denmark engaged in a heated argument.

---

[3]     At the time of Plaintiff's request, Defendant Denmark was in the control area located a floor below Plaintiff's cell; officers at the facility can unlock cells remotely from the control area or manually using keys.  Minyard Dep. 14:8-15. According to the deposition testimony of Juan Cabrera, a fellow inmate and witness to the altercation, it is customary for the inmates to return to their cells and shower after working in the kitchen.  Cabrera Dep. 14:8-15, Nov. 21, 2011, Pl.'s Br. Ex. B.

Id. at 14:13.  The argument concluded when Defendant Denmark told Plaintiff to go to the common area downstairs and Plaintiff complied by turning and walking away from Defendant Denmark. Id. at 15:8-10.

As Plaintiff was walking away, Defendant Denmark allegedly approached Plaintiff from behind and punched him on the right side of the face, id. at 15:10-12, while holding a metal ring of keys.  Pl.'s Br. 1.  Plaintiff then turned and punched at Defendant Denmark three or four times before his vision became black and he "fell to the ground."  Minyard Dep. 15:14-18.  Plaintiff alleges that Defendant Denmark then dragged him into his cell and landed multiple blows on Plaintiff's body while Plaintiff was "balled up" on the ground.[4]  Id. at 15:19-22. Shortly after the incident, Plaintiff was escorted to the correctional facility medical center and then transported to Frankford Hospital.  Id. at 19:15-22:21.

Defendants cite the facts testified to by Plaintiff in his deposition and asserted in his complaint for purposes of their summary judgment motion; however, Defendant Denmark's deposition testimony challenges some of the facts offered by Plaintiff.  Defendant Denmark maintains that when he refused

---

[4]     Cabrera, who was ten feet away at the time of the altercation, also testified in his deposition that Defendant Denmark struck Plaintiff first and that he continued to punch and kick Plaintiff after Plaintiff had fallen to the ground. Cabrera Dep. 10:23-11:5, 18:8-12.

4

Plaintiff's request to be let into his cell, Plaintiff became aggressive, putting his finger in Denmark's face and demanding that Defendant Denmark "open [his] fucking door."  Denmark Dep. 16:1-4, 30:12-13.  Defendant Denmark's version of the events also differs from Plaintiff's with regard to when Defendant Denmark struck Plaintiff.  According to his testimony, Defendant Denmark, believing that he was in danger, pulled out his pepper spray during the verbal exchange with Plaintiff, at which point, Plaintiff punched Denmark in the face.  Id. at 16:3-6, 25:5-7.  Defendant Denmark and Plaintiff then exchanged blows.  Id. at 16:6-7.  Defendant Denmark denies that Plaintiff lost consciousness or that he was dragged into his cell and kicked, maintaining that, after Plaintiff ceased hitting Denmark, Plaintiff got up from the ground and walked into his cell.  Id. at 21:11-17.  Defendant Denmark then secured the cell door.  Id. at 16:7.

     During the altercation, Plaintiff sustained a fractured cheekbone, for which he had to undergo surgery, and nerve damage to his face.  Minyard Dep. 20:8-24:7.  Plaintiff also claims to have suffered emotional distress and intense physical pain, requiring medication.  Id. at 25:21-26:12.  To this day, Plaintiff experiences numbness and pain on the right side of his face.  Id. at 31:6-15.  He also has developed a

sinus issue in his right nostril that obstructs his breathing. Id. at 31:16-32:2.

While at the hospital being treated for injuries related to the altercation with Defendant Denmark, Plaintiff was arrested, id. at 35:5-13, and charged with aggravated assault and reckless endangerment of another person.  Pl.'s Br. 4. Plaintiff entered into an agreement to plead guilty to the reduced charge of simple assault in exchange for the Commonwealth's agreement to noll pros the original charges. Transcript from Dec. 7, 2009, Commonwealth v. Minyard 6:9-10.

On December 7, 2009, Plaintiff appeared for an oral plea colloquy before the Honorable Paula Patrick, Judge of the Court of Common Pleas of Philadelphia.  Id. at 1.  Judge Patrick affirmed that Plaintiff had read and understood the written colloquy stipulating that there was a factual basis for his plea.  Id. at 3:17-25.  The Assistant District Attorney then recited the facts that Defendant Denmark would have testified to at trial.[5]  Id. 7:13-15.  The Assistant District Attorney

---

[5]   The Assistant District Attorney's statement in full reads:

> If called to testify[,] Corrections Officer Daniel Denmark would testify he was at work on September 24, 2008 [at] approximately 5 o'clock in the afternoon at 1801 State Road[,] one of the correctional facilities here in the city and county of Philadelphia.  He was there working as a corrections officer.  As he went to check on the area, he had a conversation with the

provided that Plaintiff initiated the interaction with Defendant Denmark when he "demanded" that Defendant Denmark "open [his] fucking door now[,] pointing his finger at [Denmark]" and that Plaintiff "then punched the corrections officer in the face" and attempted to do so again before being "subdued." Id. at 7:20-8:3.  The recited facts also stated that as a result of Plaintiff's conduct, Defendant Denmark was "hospitalized for his injuries[,] including a cut inside his mouth and a bruised hand." Id. at 8:4-7.  Following the reading of the facts before the Court of Common Pleas, Plaintiff pleaded guilty. Id. at 8:14-19.  Judge Patrick accepted Plaintiff's plea and imposed the recommended sentence of nine months to two years to run concurrently with Plaintiff's preexisting sentence, affording credit for time served. Id. at 9:24-10:5.

On January 14, 2011, Plaintiff filed suit against the City of Philadelphia, Corrections Officer Denmark, Corrections Officer of the Philadelphia Prison System Louis Giorla, and Warden of the Curran-Fromhold Correctional Facility Clyde D. Gainey alleging violations of 42 U.S.C. §§ 1981, 1983, 1985, and

---

   defendant when the defendant demanded him to "open my
   fucking door now[,]" pointing his finger at the
   officer.  During the course of this interaction, the
   defendant then punched the corrections officer in the
   face.  When he tried to punch him again the defendant
   was subdued.

Transcript from Dec. 7, 2009, Commonwealth v. Minyard 7:14-8:3, Defs.' Br. Ex. B.

1988, the Fourteenth Amendment, the Constitution of the Commonwealth of Pennsylvania, and the common law of the Commonwealth of Pennsylvania arising out of the altercation with Defendant Denmark on September 24, 2008.  ECF No. 1.  Defendants answered denying all averments and asserting a variety of affirmative defenses.  ECF No. 3.  All of Plaintiff's claims have since been dismissed or withdrawn except Plaintiff's § 1983 claim for excessive force against Defendant Denmark and his pendant state law claim for assault and battery against Defendant Denmark.  Pl.'s Br. 2.  Defendants filed a Motion for Summary Judgment on both remaining counts.  ECF No. 29.  Plaintiff responded in opposition, ECF No. 32, and Defendants filed a reply.  ECF No. 33.  The matter is now ripe for disposition.

**III. STANDARD OF REVIEW**

Summary judgment is appropriate if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact."  <u>Am. Eagle Outfitters v. Lyle & Scott Ltd.</u>, 584 F.3d 575, 581 (3d Cir. 2009) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." <u>Pignataro v. Port Auth. of N.Y. & N.J.</u>, 593 F.3d 265, 268 (3d Cir. 2010) (citing <u>Reliance Ins. Co. v. Moessner</u>, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 250.

**IV.  DISCUSSION**

Plaintiff has two claims still pending against Defendant Denmark: § 1983; and assault and battery. The Court will address Plaintiff's claims in that order, consistent with how they appear in the pleadings.

A.   <u>42 U.S.C. § 1983 Claim</u>

Section 1983 provides a cause of action for an individual whose constitutional rights are violated by those acting under the color of state law.[6]  See <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 284-85 (2002).  The threshold inquiry in a § 1983 suit is whether the plaintiff has been deprived of a right "secured by the Constitution and laws" of the United States.  <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979).  Absent a violation of a right secured by the Constitution or the laws of the United States by a person acting under color of state law, there can be no cause of action under § 1983.  <u>Reichley v. Pa. Dep't of Agric.</u>, 427 F.3d 236, 244 (3d Cir. 2005) (citing <u>West v. Akins</u>, 487 U.S. 42, 48 (1988)).  In deciding whether to grant summary judgment on Plaintiff's claims, therefore, the Court must

---

[6] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983 (2006).

determine whether Plaintiff was indeed deprived of any rights secured by the Constitution or laws of the United States.

As a threshold matter, Plaintiff brings suit under § 1983 alleging that Defendant Denmark's use of excessive force violated his Fourth and Fourteenth Amendment rights. Though the Fourth Amendment is properly invoked where the civil rights of an arrestee have allegedly been violated, "[a]fter conviction, the Eighth Amendment 'serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified.'" Jacobs v. City of Pittsburgh Police, No. 07-237, 2010 WL 1254377, at *7 (W.D. Pa. Mar. 8, 2010) (omission in original) (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)). It is undisputed that Plaintiff was a state prisoner at the time of the incident with Defendant Denmark; thus, his claim would have been properly brought under the Eighth Amendment.

Moreover, "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment [and] not the more generalized notion of substantive due process, must be the guide for analyzing [a claim]." Albright v. Oliver, 510 U.S. 266, 273 (1994). Given that Plaintiff has not offered "allegations, facts, or argument" in support of a Fourteenth Amendment procedural due process or equal protection claim, the

11

Court deals here with a claim regarding substantive rights.  See Hurt v. City of Atl. City, No. 08-3053, 2010 WL 703193, at *4 (D.N.J. Feb. 24, 2010).  Therefore, Plaintiff's claim for excessive force against Defendant Denmark is not cognizable under the Fourth or Fourteenth Amendment and must be dismissed.[7]

Assuming Plaintiff asserts a proper cause of action under the Eighth Amendment, Defendants contend that, by virtue of Plaintiff's guilty plea to simple assault upon Defendant Denmark, the Supreme Court's decision in Heck v. Humphrey bars Plaintiff's excessive force claim against Defendant Denmark.  512 U.S. 477, 487 (1994); see Telepo v. Martin, 359 F. App'x 278, 280 (3d Cir. 2009).  Under Heck, "in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  512 U.S. at 487.  Section 1983 excessive force suits are not

---

[7] Defendants do not put forth this argument in their briefs, see supra Part I, relying instead on Heck v. Humphrey, 512 U.S. 477, 487 (1994), to bar all of Plaintiff's federal claims.  And Plaintiff fails to defend his claim from such attack.  Though the determination that the claim was brought under an inapplicable Amendment is not relevant to the Heck analysis, with which the motion papers are primarily concerned, the merits of the § 1983 claim will turn on the particular Constitutional right(s) invoked.  Thus, although summary judgment will be denied despite Plaintiff's error, the Eighth Amendment will be controlling as the case proceeds to trial.

categorically barred by Heck, as a matter of law, when there is a conviction for assault or a similar conviction arising out of the same incident that forms the basis of the § 1983 claim.  See Lora-Pena v. F.B.I., 529 F.3d 503, 506 (3d Cir. 2008); see also Garrison v. Porch, 376 F. App'x 274, 278 (3d Cir. 2010).  Rather a factual inquiry may be required into whether the conviction and success on the merits of the § 1983 claim are necessarily incompatible.  See Lora-Pena, 529 F.3d at 506.  Courts have consistently held that force exercised by a state law enforcement official in response to a plaintiff's own unlawful conduct may still be excessive, and thus, actionable under § 1983.  See id.; Nelson v. Jashurek, 109 F.3d 142, 145-146 (3d Cir. 1997); Davis v. Berks Cnty., No. 04-01795, 2007 WL 516128, at *5-6 (E.D. Pa. Feb. 8, 2007).

 Defendants argue that the claim at hand is premised on facts that directly contradict those conceded in Plaintiff's guilty plea to simple assault.  Though Plaintiff invokes Lora-Pena and Nelson to support his claim, Defendants assert that both cases are distinguishable in that the plaintiffs there were convicted by juries.  Defendants contend that a conviction by jury trial supports an in-depth look at the findings of fact to ascertain whether the criminal conviction is reconcilable with a successful § 1983 claim.  Defendants further argue that such an in-depth inquiry need not be undertaken when the plaintiff

13

previously pleaded guilty, and thus, has wholly admitted to the facts as presented by the prosecution.

Defendants' argument is unavailing because the manner of conviction does not alter the Heck analysis. Indeed, whether the conviction is the result of a jury verdict or of a plea, if the facts established in the § 1983 suit would undermine the validity of the conviction, Heck bars the § 1983 claim. See, e.g., Morozin v. Johnson, No. 11-2653, 2011 WL 5837146, at *2, *4 (E.D. Pa. Nov. 18, 2011) (applying Nelson and Lora-Pena when § 1983 plaintiff had previously pleaded guilty to simple assault).

Though Defendants fail in their effort to bar Plaintiff's entire claim under Heck based on the manner of conviction, the Court must nevertheless consider whether Plaintiff's claim arising from the altercation is cognizable under § 1983 in light of Heck. Under Plaintiff's version of the facts set out in his deposition, he describes three discrete events: (1) Defendant Denmark struck Plaintiff; (2) Plaintiff punched at Defendant Denmark; and (3) Defendant Denmark subdued Plaintiff.

Here, a reading of the oral colloquy reveals that Plaintiff admitted to engaging in a verbal interaction with Defendant Denmark, demanding that Defendant Denmark "open [his] fucking door now." Transcript from Dec. 7, 2009, Commonwealth

v. Minyard 7-8.  The following sentence reads: "[d]uring the course of this interaction," referring to the conversation between Plaintiff and Defendant Denmark, Plaintiff punched Defendant Denmark in the face.[8]  Id.  After this punch, Defendant Denmark then "subdued" Plaintiff.  Plaintiff's plea colloquy is silent on the matter of how he was subdued.  Id.  Therefore, Heck does not bar Plaintiff's claim because, as in Lora-Pena, Plaintiff's conviction for simple assault would not be inconsistent with a holding that Defendant Denmark, in response to Plaintiff's unlawful conduct, used excessive force to "subdue" him.  Whether the force used by Defendant Denmark in "subdu[ing]" Plaintiff was excessive is a fact contested by the parties.  Compare Pl.'s Br. 7, with Defs.' Answer to Pl.'s Compl. 2.  However, a reasonable jury could find in Plaintiff's favor without implying the invalidity his conviction for simple

---

[8]     Defendants contend that Plaintiff should be estopped from arguing that Defendant Denmark punched Plaintiff first because Plaintiff's plea colloquy states that Plaintiff punched Defendant Denmark after a verbal altercation with Defendant Denmark.  The conflict between Plaintiff's plea colloquy and his deposition testimony, that Defendant Denmark punched Plaintiff first, is not relevant to the disposition of this motion.  The fact remains that after this altercation, Defendant Denmark subdued Plaintiff, allegedly with excessive force.  Plaintiff's conviction for simple assault did not rest on the force Defendant Denmark used in subduing Plaintiff.  To the extent that Plaintiff's deposition testimony does conflict with the admitted facts in his plea, Defendants may seek to exclude or otherwise limit the use of such testimony with an appropriately timed motion in limine, if so warranted.

15

assault and, accordingly, summary judgment will be denied on Plaintiff's § 1983 claim.[9]

    B.    <u>State Law Claim for Assault and Battery</u>

Plaintiff asserts a supplemental state law claim against Defendant Denmark for assault and battery; however, neither party squarely addresses the merits of the claim beyond Plaintiff's contention that an officer is only permitted to use "reasonable force" in performing his duties. <u>See</u> <u>Renk v. City of Pittsburgh</u>, 641 A.2d 289, 294 (Pa. 1994). It is true that "[w]here a police officer uses excessive force in making an arrest, he or she may be held liable under Pennsylvania law for

---

[9] Plaintiff additionally argues that the facts he conceded at his guilty plea were not binding because they were recited <u>after</u> the judge accepted his plea, and thus, could not be part of the "factual inquiry" into whether his claims were incompatible with his prior conviction. Given that the Court has already determined that <u>Heck</u> does not bar Plaintiff's § 1983 claim, the Court need not reach this argument. However, even were the Court to consider this issue, the procedure utilized by the Court of Common Pleas was not improper under Pennsylvania law. <u>See</u> <u>Commonwealth v. Maddox</u>, 300 A.2d 503, 505 (Pa. 1973) ("[B]efore accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea."). The text of the colloquy establishes that the judge presiding over the criminal proceeding merely accepted the "defendant's decision to plead guilty as knowing, intelligent and voluntary" before the recitation of the facts, not the plea itself. Transcript from Dec. 7, 2009, <u>Commonwealth v. Minyard</u> 7:11-13. Moreover, the judge explicitly told Plaintiff that the court could choose not to accept his plea after a recitation of the facts. <u>Id.</u> at 6:20-22. Once the Assistant District Attorney presented the facts, the judge then asked Plaintiff how he wished to plead. <u>Id.</u> at 8:14.

assaulting or battering the detainee" and that "the officer's liability will hinge on the reasonableness of the force used." Pelzer v. City of Phila., 656 F. Supp. 2d 517, 539 (E.D. Pa. 2009).

As a matter of state law, not all torts committed by state employees are actionable. Under Pennsylvania's doctrine of sovereign immunity, codified at 42 Pa. Cons. Stat. Ann. § 8522 (West 2012), the conduct of an individual employed by an agency of the Commonwealth of Pennsylvania is privileged unless the employee's conduct "falls outside the scope of his employment," or the "cause of action falls within one of the several statutory exceptions." Wesley v. Hollis, No. 03-3130, 2007 WL 1655483, at *14 (E.D. Pa. June 6, 2007). Assault and battery is not one of the statutory exceptions. Id. Because the Pennsylvania Department of Corrections is an agency of the Commonwealth of Pennsylvania, the merits of the state law claim will turn on whether Defendant Denmark was acting within the scope of his employment at the time he exercised force against Plaintiff. Id.[10]

---

[10] "Under Pennsylvania law, an action falls within the scope of employment if it: (1) is the kind that the employee is employed to perform; (2) occurs substantially within the job's authorized time and space limits; [and] (3) is motivated at least in part by a desire to serve the employer . . . ." Wesley, 2007 WL 1655483, at *15 (citing Savage v. Judge, No. 05-2551, 2007 WL 29283, at *5 (E.D. Pa. Jan. 2, 2006)).

17

Assault and battery is an intentional tort. Id. Intentional torts that are "unprovoked, unnecessary or unjustified by security concerns or penological goals" do not, as a matter of law, fall within the scope of employment. Id. at *15. Therefore, under these circumstances, because there is a genuine dispute over the nature of a state employee's conduct, the Court will not dismiss the claim at the summary judgment stage.

Specifically, in this case Plaintiff testified that he suffered a severe injury to his face. Minyard Dep. 19:15-25:17. Moreover, the facts are contested as to whether Defendant Denmark repeatedly kicked or punched Plaintiff once Plaintiff had already fallen to the ground and been dragged into his cell. Compare Minyard Dep. 15:19-22, 17:20-18:14 (alleging that Plaintiff received multiple blows to body while "balled up" on ground in his cell), and Cabrera Dep. 18:8-24 (alleging that Plaintiff fell to ground after being hit by Defendant Denmark and that Defendant Denmark continued to hit and kick Plaintiff before "throw[ing him in the cell"), with Denmark Dep. 16:1-8 (denying kicking Plaintiff and alleging that the physical altercation had ended before Plaintiff was escorted into his cell and secured). These remaining questions of fact will be resolved by a jury. Given that the Court has reserved for trial the merits of Plaintiff's federal § 1983 claim, which will

require analyzing (1) the need for the use of force; (2) the relationship between the need and the level of force actually used; (3) the severity of the injury inflicted; (4) the extent of the threat posed by the inmate as reasonably perceived by the officer; and (5) the extent of any effort made to temper the amount of force used, the merits of the assault and battery claim are also appropriately reserved.  See Davis v. Berks Cnty., No. 04-01795, 2007 WL 516128, at *4 (E.D. Pa. Feb. 8, 2007).  Therefore, Defendant Denmark is not entitled to sovereign immunity as a matter of law at this stage of the proceedings on Plaintiff's state law assault and battery claim because there is a genuine dispute of material fact as to whether Defendant Denmark assaulted and battered Plaintiff. Accordingly, the Court will also deny Defendants' Motion for Summary Judgment on this claim.

**V.    CONCLUSION**

For the reasons stated above, the Court will deny Defendants' Motion.  An appropriate order will follow.